**MICHAEL R. SCOLNICK (MS9984)**
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Facsimile: 845-365-1506
Attorneys for Plaintiff

United States District Court
Southern District of New York

Civil Action No.
07 CV 4100 (SCR)

**MICHAEL J. MONROE**

    *Plaintiff*,

-against-

**CORRECTION OFFICER ERIC R. "BAM-BAM" JODOIN**,

    *Defendant*,

**SECOND AMENDED COMPLAINT FOR DAMAGES**
Assault & Battery
42 U.S.C. 1983

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**PRELIMINARY STATEMENT**

1. This is an action for compensatory and punitive monetary damages by a former State prison inmate, now released, against Correction Officer **ERIC R. "BAM-BAM" JODOIN** (hereinafter, "**Bam-Bam**"), a correction officer of the New York State Department of Correctional Services, assigned to the Downstate Correctional Facility, the number of whom is presently unknown to plaintiff, person intended being the correction officer who participated in the assault and battery of plaintiff, **MICHAEL J. MONROE,** described as Caucasian, male, muscular, six feet tall, blonde, curly-haired, clean shaven, young, light brown eyes, assigned to visiting room #1 of the Downstate Correctional Facility on October 1, 2006.

2. On October 1, 2006, at approximately 3:00 p.m. to 3:30 p.m., defendant **Bam-Bam**, at the Downstate Correctional Facility, maliciously, intentionally and wilfully inflicted upon plaintiff an unprovoked, wanton, unjustified and vicious assault and beating.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343(a)(3) and (4), and 1367(a), 42 U.S.C. Sections 1981 and 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the defendant is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff **MICHAEL J. MONROE** was and is a citizen of the United States and at all times relevant hereto resided in the County of Rockland, and State of New York.

6. Defendant, **Bam-Bam**, is and was at all times relevant hereto duly appointed as, and acting as, a correction officer of the New York State Department of Correctional Services at the Downstate Correctional Facility located at Fishkill, New York.

7. At all times relevant to the events described herein, defendant **Bam-Bam** was acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies,

customs and usages of the State of New York.

## FACTUAL ALLEGATIONS

8. On or about October 1, 2006 at about 3p.m. to 3:30 p.m. plaintiff was an inmate in the custody of the New York State Department of Correctional Services(hereinafter "DOCS") at Downstate Correctional Facility, Fishkill, New York, (hereinafter "DOWNSTATE"). At all times relevant to this complaint, Plaintiff was an inmate confined at DOWNSTATE. Prior to the commencement of this action, and to date, plaintiff was released from the custody of DOCS.

9. On October 1, 2006, Plaintiff's wife and three infant children were visiting plaintiff in Visiting Room #1 at DOWNSTATE.

10. During this visit, plaintiff's infant daughter, Destiana, was choking and coughing. Plaintiff and his wife, Starr, wanted water for their infant daughter. Defendant **Bam-Bam** willfully, capriciously, maliciously and wrongly refused to allow plaintiff's wife to go into the other waiting room to get some water for their child. The plaintiff spoke of that but defendant **Bam-Bam** sent him away.

11. As plaintiff and his family continued their visit, without just or valid cause, defendant **Bam-Bam** approached them and threatened to end the visit, because plaintiff was allegedly "talking to other inmates" and defendant **Bam-Bam** wrongfully, untruthfully, unwarrantedly and repeatedly said "You're pushing it."

12. At the end of the visit, the plaintiff was the second on line to get frisked in the frisk area of Visiting Room #1. Defendant **Bam-Bam** said to plaintiff, without cause or justification, "Sit

down, asshole. You're going to be the last one."

13. Plaintiff was wrongfully kept back by defendant **Bam-Bam,** so that plaintiff was the last person in the room.

14. While plaintiff's foot was on a chair, defendant **Bam-Bam** pushed plaintiff with his foot.

15. Upon direction of defendant **Bam-Bam,** and after an initial reluctance based upon his fear of what defendant **Bam-Bam** might do, plaintiff turned to face the wall.

16. When plaintiff turned, and without provocation on plaintiff's part, defendant **Bam-Bam** struck plaintiff in the right ear, with great and damaging force.

17. When plaintiff complained of pain resulting from the assaultive act of defendant **Bam-Bam**, defendant **Bam-Bam** refused to take plaintiff to the infirmary, deliberately, falsely and maliciously stating, "There is no emergency sick care on Sunday." That statement was untrue.

18. Defendant **Bam-Bam** carried out this assault upon plaintiff in bad faith, sadistically and maliciously for the very purpose of causing physical harm to plaintiff. The force used upon plaintiff by defendant **Bam-Bam** was not in any way justified, nor necessary to either maintain or restore order or discipline.

19. As a result of defendant **Bam-Bam**'s assault, plaintiff suffered severe injuries, including, upon information and belief, total and permanent hearing loss in the right ear. Plaintiff also suffered mental and emotional distress as a result of defendant's vicious and malicious assault upon him.

20. Defendant **Bam-Bam**, with intent to injure plaintiff and without just cause or any right to do so, knowingly and intentionally and deliberately denied plaintiff necessary medical care.

## FIRST COUNT
### (42 U.S.C. SECTIONS 1981 and 1983)

21. Paragraphs 1 through 20 are incorporated herein by reference. Defendant **Bam-Bam**, with intent to injure plaintiff and without just cause or any right to do so, acting under the color of state law, has deprived plaintiff **MICHAEL J. MONROE** of his civil, constitutional and statutory rights and is liable to plaintiff under 42 U.S.C. Sections 1981, and 1983 and under the 4th, 5th, 8th and 14th Amendments of the United States Constitution. As a result, plaintiff MICHAEL J. MONROE claims damages for the injuries set forth above.

## SECOND COUNT
### (ASSAULT)

22. Paragraphs 1 through 21 are incorporated herein by reference. Upon approaching plaintiff **MICHAEL J. MONROE**, defendant **Bam-Bam**, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. As a result of that assault, plaintiff MICHAEL J. MONROE claims damages for the injuries set forth above.

## THIRD COUNT
### (BATTERY)

23. Paragraphs 1 through 22 are incorporated herein by reference. Defendant **Bam-Bam**, struck plaintiff **MICHAEL J. MONROE**, in the manner described herein. As a result of the battery, plaintiff **MICHAEL J. MONROE** claims damages for the injuries set forth above.

**WHEREFORE,** plaintiff requests that this court:

1. declare that the acts set forth herein are in violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York;

2. enter judgment in favor of plaintiff for reasonable actual and compensatory, including consequential, damages on each Cause of Action against defendant **Bam-Bam** to compensate plaintiff for his pain, suffering, and other hardships arising from defendant's assault upon him;

3. enter judgment in favor of plaintiff for reasonable punitive damages on each Cause of Action against defendant **Bam-Bam**;

4. award plaintiff costs and disbursements of this action, including reasonable attorney's fees; and

5. grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Blauvelt, New York
         August 16, 2007

**Michael R. Scolnick, P.C.**

By: _____
Michael R. Scolnick          MS9984
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339   Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net