UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL J. MONROE,                                    :     **ANSWER TO THE**
                                                                      :     **SECOND AMENDED**
          Plaintiff,                                      :     **COMPLAINT**
                                                                      :
                                                                      :     07 Civ. 4100 (CLB)
      -against-                                      :
                                                                      :     Jury Trial Demanded
CORRECTION OFFICER ERIC R. "BAM-BAM" JODOIN, :
          Defendant.                                    :     ECF case
------------------------------------------------------------------------X

        Defendant Correction Officer Eric R. Jodoin ("defendant"), by his attorney, ANDREW M. CUOMO, Attorney General of the State of New York, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, answers the Second Amended Complaint as follows:[1]

<u>PRELIMINARY STATEMENT</u>

        1.     Denies the averments set forth in paragraph "1" of the Second Amended Complaint, except admits that Correction Officer Eric R. Jodoin is employed by the New York State Department of Correctional Services ("DOCS") and was assigned to Downstate Correctional Facility as a correction officer on October 1, 2006 and that plaintiff purports to proceed as stated therein.

        2.     Denies the averments set forth in paragraph "2" of the Second Amended Complaint.

<u>JURISDICTION - VENUE</u>

        3.     Denies the averments set forth in paragraph "3" of the Second Amended Complaint, except admits that plaintiff purports to bring this claim pursuant to 42 U.S.C. §§1981 and 1983 for violations of the Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution and purports to invoke the Court's pendant and supplemental jurisdiction.

---

[1] Defendant objects to plaintiff's referring to him as "Bam-Bam" in the caption and body of the Second Amended Complaint. This reference is highly unjustified and prejudicial.

4. Denies the averments set forth in paragraph "4" of the Second Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph "5" of the Second Amended Complaint.

6. Denies the averments set forth in paragraph "6" of the Second Amended Complaint, except admits that Correction Officer Eric R. Jodoin is employed by DOCS and was a correction officer at Downstate Correctional Facility which is located in Fishkill, New York.

7. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph "7" of the Second Amended Complaint, except admits that defendant was acting under color of state law.

## GENERAL ALLEGATIONS OF FACT

8. Denies the averments set forth in paragraph "8" of the Second Amended Complaint, except admits that plaintiff was incarcerated at Downstate Correctional Facility, 309 Bare Hill Road, Malone, NY 12953-0900 on October 1, 2006 and that, on information and belief, plaintiff was released from DOCS custody prior to the commencement of this action.

9. Denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph "9" of the Second Amended Complaint, except admits that on October 1, 2006 plaintiff's wife and an infant child visited him at Downstate Correctional Facility.

10. Denies the averments set forth in paragraph "10" of the Second Amended Complaint.

11. Denies the averments set forth in paragraph "11" of the Second Amended Complaint.

12. Denies the averments set forth in paragraph "12" of the Second Amended Complaint.

13. Denies the averments set forth in paragraph "13" of the Second Amended Complaint.

14. Denies the averments set forth in paragraph "14" of the Second Amended Complaint.

15. Denies the averments set forth in paragraph "15" of the Second Amended Complaint.

16. Denies the averments set forth in paragraph "16" of the Second Amended Complaint.

17. Denies the averments set forth in paragraph "17" of the Second Amended Complaint.

18. Denies the averments set forth in paragraph "18" of the Second Amended Complaint.

19. Denies the averments set forth in paragraph "19" of the Second Amended Complaint.

20. Denies the averments set forth in paragraph "20" of the Second Amended Complaint.

## FIRST COUNT

21. Defendant incorporates each previously stated answer as if fully stated herein and denies the averments set forth in paragraph "21" of the Second Amended Complaint.

## SECOND COUNT

22. Defendant incorporates each previously stated answer as if fully stated herein and denies the averments set forth in paragraph "22" of the Second Amended Complaint

## THIRD COUNT

23. Defendant incorporates each previously stated answer as if fully stated herein and denies the averments set forth in paragraph "23" of the Second Amended Complaint.

## WHEREFORE

Denies that Plaintiff is entitled to relief.

## **AFFIRMATIVE DEFENSES**

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

24. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Second Amended Complaint in that the federal claims do not rise to a constitutional level.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

25. The Second Amended Complaint fails to state a claim for which relief can be granted.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26. The defendant is immune from liability in that at all times relevant hereto, he acted without malice, in good faith and under the reasonable belief that his actions was proper and in accordance with existing law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

27. Any alleged conduct or omission was, in whole or in part, properly within the discretionary authority committed to the defendant to perform his official functions, and the relief requested would constitute an improper intrusion by the federal judiciary into that discretionary authority.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

28. The defendant at all relevant times hereto acted under the objectively reasonable belief that his actions were not violative of clearly established constitutional rights of plaintiff, therefore, he is protected from liability by qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

29. Plaintiff was not deprived of any rights, privileges or immunities secured to him under the United States Constitution, the laws of the United States, or the laws of the state of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

30. The defendant at no time acted willfully or in malicious disregard of plaintiff's constitutional rights. As such, plaintiff is not entitled to punitive damages or other relief.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31.     At all relevant times, defendants provided plaintiff with the proper medical care and treatment.  As a result, defendants, at all times relevant hereto, did not act with deliberate indifference to plaintiff's legitimate needs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32.     The Eleventh Amendment to the United States Constitution prohibits defendant from being sued in his official capacities and prohibits suit against the State of New York and/or one of its agencies.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33.     Principles of comity bar plaintiff's claim against the defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

35.     The plaintiff's Second Amended Complaint fails to state a cause of action against defendant because he lacks personal involvement in the alleged constitutional violations asserted by plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

36.     The alleged injuries sustained by plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendant is not responsible.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

37.     Any damage allegedly suffered in this matter by the plaintiff is solely and exclusively the product of plaintiff's own conduct.


WHEREFORE, Defendant Correction Officer Eric R. Jodoin respectfully requests that the Court issue an Order dismissing the Second Amended Complaint in its entirety and granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 26, 2007

                            ANDREW M. CUOMO
                            Attorney General of the
                            State of New York
                            <u>Attorney for Defendant</u>


By:     <u>/s/Julinda Dawkins         </u>
        Julinda Dawkins
        Assistant Attorney General
        120 Broadway
        New York, New York 10271
        (21) 416-8118

**CERTIFICATE OF SERVICE**

    This is to certify that a copy of the foregoing Defendant's Answer to Plaintiff's Second Amended Complaint was served via ECF on November 26, 2007 on:

> Michael R. Scolnick (MS9984)
> Michael R. Scolnick, P.C.
> Attorneys for Plaintiff
> 175 Burrows Lane
> Blauvelt, NY 10913

                                                      /s/ Julinda Dawkins
                                                      Julinda Dawkins