UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL J. MONROE,

                              Plaintiff,

                                           07-CV-4100 (CS)

   - against -

                                         **MEMORANDUM DECISION**
CORRECTION OFFICER ERIC R.                    **AND ORDER**
"BAM-BAM" JODOIN,
                              Defendant.
------------------------------------------------------------------------x
Seibel, J.

     Before the Court is *pro se* Plaintiff Michael J. Monroe's motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. For the following reasons, Plaintiff's motion is granted.

**I.    BACKGROUND**

     Plaintiff, a state prison inmate, commenced this action on May 25, 2007, filing a Complaint against Defendant Eric R. Jodoin, a Corrections Officer, alleging use of excessive force in violation of the Eighth Amendment, as made actionable by 42 U.S.C. § 1983. Plaintiff was represented by Michael R. Scolnick, Esq., from the time this action was commenced through the conclusion of trial on March 18, 2009, at which time the jury reached a verdict in favor of Defendant. A Judgment reflecting the jury's verdict was entered in Defendant's favor on March 25, 2009 (the "Judgment"). (Doc. 40.)

     On July 15, 2009, although Mr. Scolnick was still listed as the attorney to be noticed on Plaintiff's behalf on the Court's Electronic Case Filing ("ECF") system, this Court's *Pro Se* Office received Plaintiff's "Affirmation in Support of Motion," purporting to move this Court to

issue an order granting him "an extension of time . . . to file a notice of appeal[]." (Doc. 46.) Without receiving such an extension or otherwise obtaining leave of court, Plaintiff filed a Notice of Appeal from the Judgment on July 29, 2009. (Doc. 47.) In light of the fact that Plaintiff appeared to be proceeding *pro se*, the Court directed Mr. Scolnick to submit an affirmation regarding the circumstances of his withdrawal as counsel. (Doc. 48.)

Mr. Scolnick provided the Court with a copy of his affirmation on September 4, 2009, pursuant to which he clarified that "[i]t was never part of [his retainer agreement], nor any part of the intent of the parties to that agreement, that [his] office would pursue any appeal in the event of an adverse outcome." (*See* Scolnick Aff. 2, attached hereto as Exh. "A"). Mr. Scolnick claims that his interaction with Plaintiff regarding any appeal was limited to a conversation in the courtroom immediately following the verdict and a telephone conversation with Plaintiff "days later," both during which Mr. Scolnick advised Plaintiff of his right to appeal and advised him "that there was noting more [he] could do for him." (*Id.*) Mr. Scolnick confirmed that he did not provide any information to Plaintiff in writing and he did not provide Plaintiff with a copy of the Judgment. (*Id.*)

Having confirmed that Plaintiff is appearing *pro se*, Plaintiff's motion is liberally construed as a motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (*pro se* submissions are to be construed liberally and interpreted to "raise the strongest arguments that they suggest").

## II.     DISCUSSION

Under Rule 3 of the Federal Rules of Appellate Procedure, "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4 [of the Federal Rules of Appellate Procedure]." Fed. R. App. P. 3(a)(1). Where the United States or its officer or agency is not a party, Rule 4(a) provides that the notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). As judgments dismissing an action after the jury returns a general verdict must be set out in a separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure, such a judgment is considered "entered" for the purposes of Rule 4(a)

> when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:
>
> • the judgment or order is set forth on a separate document, or
>
> • 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

Fed. R. App. P. 4(a)(7)(A)(ii). Here, the jury returned a verdict in Defendant's favor on March 18, 2009, and the Judgment was entered by separate document on March 25, 2009. Thus, Plaintiff had until Friday, April 24, 2009, to file a timely notice of appeal. Having failed to do so, Plaintiff now claims that he never received notice of his right to appeal. Thus, I must consider whether the reopening of the time to file an appeal is warranted.

Under Rule 4(a)(6), a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Thus, "[t]he key issue is whether and when Plaintiff received notice of the . . . Judgment" under Rule 77(d). *Dempster v. Dempster*, 404 F. Supp. 2d 445, 448 (S.D.N.Y. 2005). Rule 77(d) provides the following:

> (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in [Fed. R. Civ. P.] 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
>
> (2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

*Id.* This district's ECF rules provide that immediately upon the entry of an order or judgment in a proceeding assigned to the ECF system, the Clerk will transmit to filing users in the case, in electronic form, a notice of electronic filing, and such electronic transmission of the notice of electronic filing constitutes the notice required by Rule 77(d). S.D.N.Y. Electronic Case Filing

Rules & Instructions, § 10 (2008).[1] "It remains the duty of the attorney for a party to review regularly the docket sheet of the case." *Id.*; *accord Banguah v. Rodriguez*, No. 04-CV-7227, 2005 U.S. Dist. LEXIS 22995, at *5 (S.D.N.Y. Oct. 6 2005) ("[C]ounsel who rely upon e-mailed notices of electronic filing to keep abreast of their cases do so at their peril. They are responsible for knowledge of what appears on the docket sheet regardless of any e-mail failures.")

Here, Plaintiff was no longer being represented by Mr. Scolnick at the time the Judgment was entered, but, due to Mr. Scolnick's failure to formally withdraw as counsel, the electronic docket sheet still indicated that Mr. Scolnick would accept service on Plaintiff's behalf. Thus, the Clerk's service of the Judgment upon Plaintiff's counsel was ineffective, *cf.* Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."), and Plaintiff never received notice of the Judgment under Rule 77(d).

---

[1] Available at http://www1.nysd.uscourts.gov/ecf/ECF_rules_SDNY_Aug08.pdf.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. Rather than reopening Plaintiff's time to file a notice of appeal for a period of 14 days following the entry of this Order, this Court will simply deem timely the Notice of Appeal previously filed on July 29, 2009, subject of course to any differing view the Court of Appeals may have.

The Clerk of Court is respectfully directed to update the electronic docket sheet for this case on the ECF system to reflect Plaintiff's *pro se* status, and to mail a copy of this Order to Plaintiff at the following address: Michael J. Monroe, Altona Correctional Facility, 555 Devils Den Road, Altona, New York 12910-2090.

**SO ORDERED.**

Dated: September 15, 2009
       White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

# Exhibit A

# Michael R. Scolnick, P.C.

*Attorney at Law*
175 Burrows Lane
Blauvelt, New York 10913
Phone (845)354-9339   Fax (845)365-1506

*"The only foolish question is the one you don't ask."*

## FACSIMILE TRANSMISSION

**TO:** Hon. Judge Cathy Seibel USDJ

**COMPANY:** US District Court, Southern District of NY, White Plains

**FAX NO.:** (914)390-4278

**DATE:** September 4, 2009

**FROM:** Michael R. Scolnick

**RE:** Claimant/My client: Michael J. Monroe
Docket Number: 07 CIV 4100 (CS)(GAY)

**Dear Judge Seibel:**

In response to the court's direction, set forth in its order dated September 1, 2009, I hereby submit, by fax (and mail to follow), my "affirmation regarding the circumstances of [my] withdrawal as counsel."

I would normally have submitted it by ECF but I find this morning that ECF in the Southern District is down until Tuesday, September 8, 2009. I will be beginning a trial in this court, before Magistrate Judge Davison, that very morning, and so have prepared, and here submit, my affirmation, together with a copy of my retainer agreement.

**Fax:** 845-365-1506
**Pages including cover sheet** 6

cc: Julinda Dawkins, Esq., Attorney General Of the State of New York, **FAX NO.:** (212)416-6075

MICHAEL R. SCOLNICK (MS9984)
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Facsimile: 845-365-1506
Attorneys for Plaintiff

# United States District Court
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

MICHAEL J. MONROE

        Plaintiff,

   -against-

CORRECTION OFFICER ERIC R. "BAM-BAM" JODOIN,

        Defendant.

------------------------------------------------------------

AFFIRMATION REGARDING CIRCUMSTANCES OF WITHDRAWAL AS COUNSEL

07 civ 4100 (CS)(GAY)

     MICHAEL R. SCOLNICK, an attorney duly admitted to practice before this court, and principal of MICHAEL R. SCOLNICK, P.C., heretofore attorneys for now pro se plaintiff, affirms the following under penalty of perjury:

     I am fully familiar with all of the pleadings and proceedings had in this matter previously, and make this affirmation (pursuant to the Court's Order, dated September 1, 2009, directing me to address the circumstances regarding my withdrawal as counsel for the plaintiff) in connection with the motion by plaintiff *pro se* for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

     My retainer agreement with the plaintiff is a simple document providing that "The client, Michael Monroe of Garnerville, N.Y., retains MICHAEL R. SCOLNICK, P.C., to provide legal services in pursuit of a claim arising out of police misconduct by officers of the [New York

State Department of Correctional Services], on or about October 1, 2006. MICHAEL R. SCOLNICK, P.C., agrees to provide such services faithfully and with due diligence."

It was never part of that agreement, nor any part of the intent of the parties to that agreement, that this office would pursue any appeal in the event of an adverse outcome. That agreement mentions appeal only in the context of a potential application to the court for a greater contingency fee "In the event that an appeal or a second trial is necessary ..." A copy of the Contingent Fee Agreement between the plaintiff and this firm is annexed hereto as an exhibit.

The Court refers to plaintiff's "Affirmation in Support of Motion," citing his claim that he was "never notified at the end of [his] trial that [he] was allowed to file a notice of appeal with the court within a thirty day time frame," and that he "was never given any documents stating these facts either."

While I am inclined to support plaintiff's application, and the right of a party to appeal, and I urge this honorable court to grant it, I must disagree with part of that statement: In the courtroom, immediately following the rendering of the verdict in this matter, and again, days later, in a collect telephone conversation with the plaintiff from the facility where he was incarcerated, I did advise the plaintiff, verbally, of his right to appeal. I gave him my substantive opinion concerning that process (protected by attorney-client privilege and not to be disclosed to defense counsel herein - if the court deems it necessary, I request the opportunity to submit it under seal), and advised him that he had the right to appeal. I also advised him then and there that there was nothing more I could do for him.

He is correct that I did not provide that information in writing.

Following entry of judgment (which I did receive as part of the court's ECF system) I had discussion with the plaintiff, but that concerned whether any opposition was to be filed to the

State's application for the taxation of costs. He did not request that I file any papers related to an appeal, or mention that he wanted to appeal.

I did not provide the plaintiff with a copy of the Judgment. He was mailed a copy of the defendant's counsel's papers seeking the taxation of costs, which mention the Judgment following trial.

Again, as noted above, I advised the plaintiff of his right to appeal and of his time in which to do so, but in retrospect, it seems quite possible that the full import of that discussion was not clear to him, and that he may well have not understood what he needed to do in that regard.

WHEREFORE, I respectfully request that this plaintiff's motion be in all respects granted, together with such other, further, and different relief as to this Court seems just and proper.

DATED: Blauvelt, New York
September 2, 2009

/s/ Michael R. Scolnick
MICHAEL R. SCOLNICK (MS 9984)

## Michael R. Scolnick, P.C.
*Attorney at Law*
175 Burrows Lane
Blauvelt, New York 10913
Phone (845)354-9339   Fax (845)365-1506
*"The only foolish question is the one you don't ask."*

## CONTINGENT FEE AGREEMENT

The client, _Michael Amore_ of _Garnerville, N.Y._, retains MICHAEL R. SCOLNICK, P.C., and any attorneys that it may associate with MICHAEL R. SCOLNICK, P.C. to provide legal services in pursuit of a claim arising out of police misconduct by officers of the _NY S/ate DOC.S._, on or about _Oct 1, 2006_. MICHAEL R. SCOLNICK, P.C. agrees to provide such services faithfully and with due diligence.

Compensation is to be paid only upon the contingency that the client receives an amount in recovery or settlement from any or all the defendants. The contingency fee shall be one-third of the amount of any recovery or settlement, except as provided below. In the event that an appeal or a second trial is necessary, the contingency fee shall, subject to approval of the Court, upon application by MICHAEL R. SCOLNICK, P.C. on notice to the undersigned, be two-fifths of the amount of any recovery or settlement. An application to the Court to increase the fee from one-third to two-fifths may be made upon the filing of an appellate brief on behalf of the client, in the event of appeal; and upon substantial completion of trial preparation in the event of a re-trial. The percentage is to apply to the full amount of any recovery or settlement before deducting disbursements. The client shall in any event be liable to MICHAEL R. SCOLNICK, P.C. for all reasonable expenses and disbursements, whatever the outcome.

MICHAEL R. SCOLNICK, P.C. has represented to the client, and the client understands, that due to the great uncertainties of civil rights litigation, the prospects of recovering the contingency fee would not be sufficient to induce MICHAEL R. SCOLNICK, P.C. to handle this matter without the possibility of recovering a reasonable fee for the time it expends under the applicable attorneys' fees statutes. MICHAEL R. SCOLNICK, P.C. agrees that if this matter proceeds through trial and a judgment is obtained in favor of the client, it will petition the court for a separate award of attorney's fees. In the event that fees are awarded by the court, or agreed as part of a settlement, to be paid by any defendant, all of such fees shall be paid directly to MICHAEL R. SCOLNICK, P.C. and shall belong to it. All sums so received shall be credited against the above described contingency fee and MICHAEL R. SCOLNICK, P.C. shall receive from the client only such additional sums as are necessary to provide a fee equal to the relevant contingency fee, if any. The amount of court awarded or agreed upon fees to be paid by the defendants shall not be included as part of the recovery or settlement for purposes of calculating the contingency fee. In the event the fees paid by the defendants exceed the contingency fee, the entire amount so awarded shall belong to MICHAEL R. SCOLNICK, P.C..

The MICHAEL R. SCOLNICK, P.C. and the client recognize the possibility that a defendant may offer to settle the claim by paying compensation to the client while insisting on a waiver of any separate claim for attorney's fees. If, in order to negotiate a settlement of the case with a defendant,

the client wishes to reduce or eliminate the attorney's fees to be paid by the defendant, the client may do so. In that event, the client will be responsible for paying the greater of the contingency fee, or the amount of attorney's fees earned through the time of settlement, computed by multiplying the reasonable amount of hours spent by each attorney, paralegal and law student who worked on the case by the market rate for that person's services at the time of the settlement, with no reductions or enhancements.

WE HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT AND HAVE RECEIVED A COPY OF THIS AGREEMENT.

*The above is subject to investigation".*

_____   Date: Dec. 26, 2006

MICHAEL R. SCOLNICK, P.C.,

By: _____   Date: Dec. 26, 2006